Joseph Van Der Elst v. Commissioner.
Van Der Elst v. Commissioner
Docket No. 40938.
United States Tax Court
1953 Tax Ct. Memo LEXIS 59; 12 T.C.M. (CCH) 1314; T.C.M. (RIA) 53363; November 16, 1953
*59 Respondent's determination, taxing petitioner for the calendar year 1946 under the provisions of Sec. 211 (b), Internal Revenue Code, as a nonresident alien engaged in trade or business within the United States, sustained. Harold Manheim, Esq., 15 Broad Street, New York, N.Y., for the petitioner. John J. Madden, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax of the petitioner for the taxable year 1946 in the amount of $7,118.79. Petitioner concedes a portion of the deficiency. The only controversy presented for our consideration is whether the petitioner, a nonresident alien, was engaged in trade or business within the United States at any time during the taxable year. Findings of Fact
*60 The facts stipulated by the parties are so found and made a part hereof. The petitioner is Joseph Van Der Elst, an individual, who, at all times material hereto, was a legal resident and subject of the Kingdom of Belgium. Petitioner filed his individual income tax returns for the calendar year 1946 with the collector of internal revenue for the third district of New York. Baron Van Der Elst came to the United States with his family in 1940. He was at that time an Attache of the Belgian Embassy and was stationed in New York City. In 1944 and 1945, petitioner assisted the Belgian Delgation to the United Nations Conference in San Francisco and moved his family to that city. In the latter year, he became the Acting Belgian Consul General in San Francisco. He retained this position, together with that of Attache of the Belgian Embassy, until his departure from the United States on or about June 30, 1946, which departure was occasioned by his appointment as Belgian Ambassador to Portugal. Thereafter, he did not return to the United States at any time during the calendar year 1946. Petitioner was at all times present in the United States under a visa issued to him in his status as *61 diplomat under the authority contained in section 203 (1) of Title 8 of the United States Code as then in force. During the year 1943, petitioner was employed by and became vice president of the Heller Candy Company, Inc., a New York corporation (hereinafter called Heller). When he was so employed, it was contemplated that he would render services in connection with advertising and publicity. After he went to San Francisco in 1944, petitioner did, from time to time, come to New York, although the vast majority of his time was spent in San Francisco. During the taxable year petitioner and his wife, between them, owned 50 per cent of the stock of Heller. Commencing with his first appointment as vice president of Heller and continuing until his departure from the United States, petitioner was compensated by that company at the rate of $100 a week. During the period between January 1, 1946, and June 30, 1946, petitioner, in his capacity as vice president of Heller, received a salary payment totaling $2,500. Upon his departure from the United States, petitioner tendered his resignation as vice president of Heller, which resignation was accepted at a meeting of the Board of Directors of *62 that company held on July 16, 1946. During the taxable year 1946, the activities in which petitioner engaged in the United States included those as Acting Consul General of the Kingdom of Belgium in San Francisco; those as Attache of the Belgian Embassy in Washington, D.C., and those as an investor and as the beneficiary of a trust which gave rise to the items of dividends, interest, and capital gains which are set forth in the notice of deficiency. In his income tax return for 1946 the following entry appeared: 1. Salaries and other compensation for personal services * * * Heller Candy Co., Inc. $2,500. In addition, we find as an ultimate fact that petitioner has not established that respondent was in error in determining that petitioner rendered personal services to Heller Candy Company, Inc. for which he was compensated at the rate of $100 per week from January 1, 1946, until his departure from the United States on or about June 30, 1946, or a total of $2,500. Opinion VAN FOSSAN, Judge: The sole issue to be resolved here is whether or not petitioner, a nonresident alien, was, during 1946, engaged in trade or business within the United States within the intendment of *63 section 211, Internal Revenue Code, as determined by respondent. Petitioner has the burden of proving error and must fail if the controverting proof is insufficient. In addition to the usual presumption of correctness attached to respondent's determination, there is a reasonable presumption that a statement made by a taxpayer in his tax return is knowingly made. Unrefuted, the statement in petitioner's tax return that he received $2,500 for services rendered Heller Candy Co., Inc. is affirmative evidence in justification of respondent's action, or at least was a statement strongly against petitioner's interest. Petitioner has not met either presumption by adequate proof. Accordingly, we hold that petitioner failed to carry his burden of proof. There is no proof justifying the conclusion that the payment was a gift. Fairly assayed, the record indicates that the payment was by way of compensation for services rendered and that petitioner was engaged in trade or business in the United States during the taxable year. Decision will be entered for the respondent.